**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1232
_____

IN RE:  GERALD BUSH,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. Nos. 2-18-cv-05659 & 2-20-cv-05631)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 14, 2022
Before:  AMBRO, SHWARTZ, and BIBAS, Circuit Judges

(Opinion filed April 22, 2022 )
_____

OPINION*
_____

PER CURIAM

Petitioner Gerald Bush seeks a writ of mandamus in connection with a civil rights

action he brought in the United States District Court for the Eastern District of

Pennsylvania against the Philadelphia Redevelopment Authority (PRA) and two of its

employees.  For the reasons that follow, we will deny the mandamus petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of [our . . . jurisdiction] and agreeable to the usages and principles of law." The remedy is "a drastic one, to be invoked only in extraordinary situations." United States v. Santtini, 963 F.2d 585, 593 (3d Cir. 1992). To justify the use of this extraordinary remedy, Bush must show that he has both a clear and indisputable right to the writ and no other adequate means to obtain the relief desired. See Haines v. Liggett Grp. Inc., 975 F.2d 81, 89 (3d Cir. 1992). He has not made this requisite showing.

In November 2020, Bush filed a complaint pursuant to 42 U.S.C. § 1983 alleging that defendants took his property located at 5108 Chester Avenue, Philadelphia, without due process of law, and seeking "just compensation" under the Fifth Amendment. After initial screening, the District Court entered an order on January 11, 2021, granting Bush's motion to proceed in forma pauperis and dismissing the complaint with prejudice as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[1] See ECF No. 7. The Court directed Bush to show cause why he should not be enjoined "from filing any more civil actions concerning the identical, untimely allegations" raised in the complaint. Id.

Bush filed a response to the show cause order. He subsequently filed a series of motions which were disposed of by the District Court. Then, in June 2021, Bush filed

---

[1] The District Court found that the claims were barred by res judicata after determining that Bush had asserted the same claims in a separate complaint which had already been dismissed. See E.D. Pa. Civ. No. 2-18-cv-05659.

two motions to file an amended complaint; a month later, he filed a motion for permission to file a summary judgment motion. See ECF Nos. 17-19. The District Court directed the defendants to respond to these motions. The defendants' response was filed on October 8, 2021. See ECF Nos. 20 & 21. The motions remain pending in the District Court.

Before us is Bush's petition for a writ of mandamus alleging undue delay in the adjudication of his motions in the District Court. An appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction, Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), but the manner in which a court controls its docket is discretionary, In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). It has been six months since the defendants filed their response to the motions. We do not believe that the delay warrants the "drastic remedy" of mandamus relief. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). We have full confidence that the District Court will rule on the motions within a reasonable time.[2]

Accordingly, we will deny the petition for a writ of mandamus.

---

[2] To the extent that the mandamus petition can be liberally construed to request an order directing the District Court to compel the defendants to answer the complaint, mandamus relief is not warranted. See Madden, 102 F.3d at 79 (recognizing that mandamus is appropriate where the petitioner has "no other adequate means" to obtain the relief requested, and a "clear and indisputable" right to issuance of the writ).